IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES KNIGHT                                                    PLAINTIFF

      v.        Civil No. 04-5138

OFFICER HUNTER, et al.                                            DEFENDANTS

## MEMORANDUM OPINION

NOW on this 7th day of December, 2005, the above referenced matter comes on for this Court's consideration of the **Motion for Summary Judgment of Separate Defendant Officer Hunter** (document #23). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1.  Plaintiff, Charles Knight ("Knight") commenced this action on June 22, 2004 against defendants Officer Hunter, Jailer Bruce, Deputy Becker, and Officer Lyles. From his pro se Complaint and subsequent Addendum to Complaint, the plaintiff claims that Officer Hunter violated his constitutional rights when Hunter searched him for drugs, and arrested him for public intoxication. The plaintiff claims that Officer Hunter used excessive force by slamming him into a wall at a bar and then, outside the bar, onto a car.

Hunter filed his motion for summary judgment with this Court on August 23, 2005. Despite this Court's orders of September 19, 2005 and November 17, 2005, which provided plaintiff with extensions of time within which to respond to Hunter's motion for

summary judgment, the plaintiff has not responded to the motion.

2. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* <u>Carroll v. Pfeffer</u>, 262 F.3d 847 (8th Cir. 2001); <u>Barge v. Anheuser-Busch, Inc</u>., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." <u>F.D.I.C. v. Bell</u>, 106 F.3d 258, 263 (8th Cir. 1997)*; see also* <u>Bailey v. United States Postal Service</u>, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." <u>Liberty Lobby</u>, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial."

Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

    3. For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties, the Court believes the following material undisputed facts appear:

* On the evening of March 18, 2004, Officer Hunter Carnahan ("Hunter") and Officer Jason Bailey ("Bailey"), both of the Fayetteville Police Department, were on bicycle patrol in the Dickson Street area of Fayetteville, Arkansas.

* Hunter witnessed the plaintiff, Charles Knight ("Knight"), stop two vehicles in a parking lot and speak with the drivers of those vehicles as he walked through the parking lot.

* Hunter and Bailey both saw Knight stagger as he walked across the parking lot.

* Hunter spoke with one of the drivers that Knight had stopped. Hunter recognized the driver as a bartender at a local establishment. The driver informed Hunter that Knight was likely trying to sell him drugs.

* Hunter and Bailey witnessed Knight enter a bar called "You Know Uno's".

* Hunter entered the bar and asked Knight for identification. Knight claimed not to have any identification.

* As Hunter was speaking with Knight, Knight stumbled into the wall, which he had to use for support, and finally, sat down

in a chair.

* Hunter noticed Knight's eyes were bloodshot and watery, that Knight smelled strongly of intoxicants, and that Knight's speech was slurred.

* Knight refused to cooperate with Hunter and yelled and swore at Hunter during their exchange.

* While inside the bar, Hunter placed Knight under arrest for public intoxication and disorderly conduct.

* Knight refused to comply with Hunter's verbal commands to get out of his seat and put his hands behind his back.

* Hunter and Bailey placed Knight against a wall for handcuffing and put Knight in wristlocks.

* Knight continued to resist arrest and was then placed against a wall outside the bar.

* At some point during the incident, a search of Knight's person was conducted.

* Knight was placed in the patrol car of Officer Jones and was transported to the Fayetteville City Jail.

* At the Fayetteville City Jail, Knight was charged with additional offenses of refusal to submit to arrest and obstruction of government operations based upon Knight's behavior.

* Knight subsequently pleaded guilty to all charges filed against him as a result of the incident.

* Knight was committed to the Fayetteville City Jail from

March 19, 2004 until March 31, 2004, pursuant to his sentence from the Fayetteville District Court.

\* Knight received no physical injuries during the incident at issue.

4. **Qualified Immunity** -- With respect to Knight's claims against him, Hunter has asserted the defense of qualified immunity. The Court will address that issue first.

According to the United States Supreme Court in Harlow v. Fitzgerald, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818 (1982). Where a defendant seeks qualified immunity, a ruling on that issue should be made so that the cost and expenses of trial are avoided where the defense is dispositive, Saucier v. Katz, 533 U.S. 194 (2001), because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. According to the Eighth Circuit Court of Appeals, qualified immunity triggers a three-prong inquiry:

> (1) whether the plaintiffs have asserted a violation of a constitutional or statutory right; (2) if so, whether that right was clearly established at the time of the violation; and (3) whether, given the facts most favorable to the plaintiffs, there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated that right.

Burnham v. Ianni, 119 F.3d 668, 673 -674 (8th Cir. 1997)(en banc).

Knight has asserted that his constitutionally protected rights were violated when he was searched for drugs and arrested for public intoxication. Knight also claims that excessive force was used during the incident that resulted in his arrest.

However, despite plaintiff's claims, from the undisputed facts presented by the pleadings of the parties, Hunter is clearly entitled to qualified immunity:

\* **Probable Cause to Arrest**: It is undisputed that Knight pled guilty to all the charges brought against him as a result of the incident in question. Because a guilty plea forecloses a constitutional claim for arrest without probable cause, Knight's lack of probable cause claim is barred. *See* Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir. 1996); Malady v. Crunk, 902 F.2d 10, 11 (8th Cir. 1990).

\* **Search for Drugs**: It is undisputed that during the incident which ultimately lead to Knight's arrest, a search of Knight's person was conducted by Hunter. Although Hunter contends the search occurred after Knight was arrested, Knight asserts that the search occurred prior to his arrest. Because, the evidence

-6-

must be viewed in the light most favorable to the non-moving party, the search of Knight will be analyzed under the more stringent standards required for a search not incident to arrest.

Based upon his observations of Knight, and his discussion with the driver of a vehicle approached by Knight, Hunter could reasonably have concluded that Knight may have been trying to conduct drug transactions in the parking lot. Such a suspicion was sufficient for Hunter to believe that Knight was possibly armed and dangerous; and, "[d]uring an investigative stop, an officer can take steps reasonably necessary to protect his personal safety and to maintain the status quo." U.S. v. Winters, 221 F.3d 1039, 1041-42 (8th Cir. 2000). Therefore, Hunter is clearly entitled to qualified immunity for the search conducted on Knight.

* **Excessive force**: Finally, Knight argues that Hunter used excessive force, violating his constitutional rights, by slamming him against the wall in the bar and by then slamming him against the car during the course of his arrest.

"Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). Whether the force used "is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and

quality of the intrusion on the individual's Fourth Amendment interests' against countervailing governmental interests at stake." Id. Further, the "reasonableness" of the force used "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Id. at 397.

It is undisputed that Knight was uncooperative during the incident:

* he refused to produce identification when received requested;

* he repeatedly yelled and swore at the police officers; and,

* he refused to submit to arrest inside the bar; and,

It is further undisputed that Knight received no physical injuries from the incident. Based upon the undisputed facts, when viewed from the perspective of a reasonable officer on the scene, the force used against Knight was reasonable and Hunter is therefore entitled to qualified immunity.

**IT IS, THEREFORE, ORDERED** that the **Motion for Summary Judgment of Separate Defendant Officer Hunter** (document #23) should be, and it hereby is, **granted** for reasons stated herein.

**IT IS FURTHER ORDERED** that, in light of the foregoing ruling, plaintiff's complaint against **Officer Hunter** should be, and it hereby is, dismissed. By separate order of even date herewith,

judgment will be entered accordingly.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE