```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

CHARLES KNIGHT                                            PLAINTIFF

        v.              Civil No. 04-5138

OFFICER HUNTER, et al.                                   DEFENDANTS

## MEMORANDUM OPINION

    NOW on this 7th day of December, 2005, the above referenced matter comes on for this Court's consideration of the **Motion for Summary Judgment of Separate Defendant, Jailer Bruce** (document #29). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

    1. Plaintiff, Charles Knight ("Knight") commenced this action on June 22, 2004 against defendants Officer Hunter, Jailer Bruce, Deputy Becker, and Officer Lyles. From his pro se Complaint and subsequent Addendum to Complaint, the plaintiff claims that Jailer Bruce violated his constitutional rights when he made Knight leave carrots in the kitchen, and refused to allow Knight to take the carrots to his jail cell, while he was incarcerated in the Fayetteville City Jail. Knight claims that he is black, and that other white inmates were allowed to take carrots back to their jail cells. Knight also claims that Bruce,

at times, denied him a shower, telephone time, and access to grievance forms.

Bruce filed his motion for summary judgment with this Court on September 15, 2005. Despite this Court's orders of September 19, 2005 and November 17, 2005, which provided plaintiff with extensions of time within which to respond to Bruce's motion for summary judgment, the plaintiff has not responded to the motion.

2. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); *see also* Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for

summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

3. For the purpose of considering the motion for summary judgment and based upon the pleadings submitted by the parties, the Court believes the following material undisputed facts appear:

\* The plaintiff, Charles Knight ("Knight"), was arrested on the evening of March 18, 2004 and charged with public intoxication, disorderly conduct, refusal to submit to arrest and obstruction of government operations.

\* Knight pled guilty to the charges and, pursuant to his sentence by the Fayetteville District Court, was committed to the Fayetteville City Jail from March 19, 2004 until March 31, 2004.

\* Bruce Strain (herein identified as "Jailer Bruce" or "Bruce") was an employee of the Fayetteville City Jail (the "jail") during the time Knight was incarcerated there.

\* At the time Knight was incarcerated at the Fayetteville City Jail, the jail had a policy of preventing the removal of food from the dining hall of the jail and its transport to the barracks

area by any inmates of the jail. The policy was instituted for sanitary and health purposes.

   \*   When Knight pointed out to Bruce that other (white) inmates had removed carrots from the dining hall, Bruce told Knight that he was the only one that Bruce saw.

   4.   **Qualified Immunity** -- With respect to Knight's claims against him, Bruce has asserted the defense of qualified immunity. The Court will address that issue first.

   According to the United States Supreme Court in <u>Harlow v. Fitzgerald</u>, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818 (1982). Where a defendant seeks qualified immunity, a ruling on that issue should be made so that the cost and expenses of trial are avoided where the defense is dispositive, <u>Saucier v. Katz</u>, 533 U.S. 194 (2001), because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." <u>Id</u>. According to the Eighth Circuit Court of Appeals, qualified immunity triggers a three-prong

inquiry:

> (1) whether the plaintiffs have asserted a violation of a constitutional or statutory right; (2) if so, whether that right was clearly established at the time of the violation; and (3) whether, given the facts most favorable to the plaintiffs, there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated that right.

Burnham v. Ianni, 119 F.3d 668, 673 -674 (8th Cir. 1997)(en banc).

Knight has asserted that his constitutionally protected rights were violated when Bruce made Knight leave carrots in the jail dining hall, and when Bruce refused to allow Knight to take the carrots to his jail cell. Knight claims that he is black, and that other white inmates were allowed to take carrots back to their jail cells. Knight also claims that Bruce, at times, denied him a shower, telephone time, and access to grievance forms.

* **Denial of carrots in jail cell**: Knight argues that he was discriminated against because of his race when Bruce denied his attempts to bring carrots back to his jail cell.

"The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." Foster v Wyrick, 823 F.2d 218, 220 (8th Cir. 1987). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Only deliberate discrimination is actionable under the Equal Protection Clause. Personnel Administrator v. Feeney,

-5-

442 U.S. 256 (1979). Thus, a claim of racial discrimination under the Equal Protection Clause requires a showing of discriminatory intent. Washington v. Davis, 426 U.S. 229, 239-48 (1976).

In this case, Knight claims that 1) Bruce prevented him from removing food from the jail dining hall; and, 2) later, confiscated food Knight was eating in his jail cell. It is undisputed that Bruce was upholding a policy of the Fayetteville City Jail which prevents food in the jail barracks. The policy itself, in place for health and sanitary reasons, is not being challenged by Knight. Instead, Knight claims that Bruce did not treat other, white, inmates in the same manner. However, because Knight admits that Bruce said that he didn't see the alleged offensive behavior by the other, white, inmates, there is no proof, or even allegation, of discriminatory intent on the part of Bruce. Therefore, Knight's claim fails and Bruce is entitled to summary judgment.

* **Denial of shower, telephone time, and grievance forms**: In addition, Knight argues that Bruce denied him use of the shower and telephone time. Knight also argues that, despite repeated requests, Bruce never gave him any grievance forms.

With respect to Knight's access to the showers, under the Eighth Amendment, "basic personal hygiene falls within 'the minimal civilized measure of life's necessities' to which a prisoner is entitled." Scott v. Carpenter, 24 Fed.Appx. 645, 647

(8th Cir. 2001)(citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). However, Knight's complaint simply alleges that on one particular day, March 23, 2004, Bruce denied him use of the showers. Knight admits that Bruce offered use of the shower the next day, March 24, 2004. This allegation certainly falls short of the deliberate indifference required to prove a constitutional violation. Id.

Likewise, prisoners have no constitutional right to unlimited telephone use. Awegan v. Henry, 981 F.2d 313 (8th Cir. 1992); Smith v. Copeland, 892 F.Supp. 1218 (E.D. Mo. 1995). And, although Knight asserts that Bruce denied him use of the telephone on March 23, 2004, Knight admits that Bruce offered use of the telephone the next day.

Finally, the denial of access to grievance forms[1] fails to constitute a constitutional claim. For all of these reasons, Bruce is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that the **Motion for Summary Judgment of Separate Defendant Jailer Bruce** (document #29) should be, and it hereby is, **granted** for reasons stated herein.

**IT IS FURTHER ORDERED** that, in light of the foregoing ruling, plaintiff's complaint against **Jailer Bruce** should be, and it

---

[1] "'[P]rison officials' failure to process inmates' grievances, without more, is not actionable under section 1983; grievance procedure is procedural right only, and does not confer any substantive right on inmates." Fallon v. Coulson, 5 F.3d 531 (8th Cir. 1993)(citing Buckley v. Barlow, No. 93-1302, slip op. At 2-3 (8th Cir. July 8, 1993)). See also Woods v Stubblefield, 2005 WL 2033424 (E.D. Mo. 2005).

hereby is, dismissed.  By separate order of even date herewith, judgment will be entered accordingly.

    **IT IS SO ORDERED.**

                                    <u>/s/ Jimm Larry Hendren</u>
                                    JIMM LARRY HENDREN
                                    UNITED STATES DISTRICT JUDGE